# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:25-CV-812-KDB-DCK

| | | |
|---|---|---|
| YU WU, | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Permissible Purpose Order" (Document No. 18) filed May 21, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion without prejudice.

By the instant motion, the parties explain "Plaintiff alleges [Defendant Equifax Information Services LLC] improperly 'mixed' his credit information to merge with the information of another individual." (Document No. 18, p. 1). "Plaintiff seeks certain documents concerning [a person with the same name ("**the other individual**")] as part of discovery." (Id.) "The document at issue may include historical 'snapshots' of a consumer's credit file at a particular month and year, records from data furnishers, or other historical or contemporary records containing Plaintiff's and/or [the other individual's] credit and/or personal identifying information ["**documents**"]." (Id.) The parties request that the Court authorize Defendant Equifax Information Services LLC to produce the other individual's documents, "pursuant to 15 U.S.C. § 1681b(a)(1), and subject to a protective order in this case to govern the exchange of confidential, trade secret, and proprietary

1

information." (Id. at 2).  As a basis for this motion, the parties cite that "any consumer reporting agency may furnish a consumer report under the following circumstances" including "[i]n response to the order of a court having jurisdiction to issue such an order . . . ."  15 U.S.C. § 1681b(a)(1).  The parties also represent the information Plaintiff seeks will be protected by the "Stipulated Protective Order."  (Document No. 21).  However, the parties do not provide details, for example, specifically as to how they intend to protect the other individual's documents under the "Stipulated Protective Order."

**IT IS, THEREFORE, ORDERED** that the parties' "Joint Motion For Permissible Purpose Order" (Document No. 18) is **DENIED without prejudice**.  The parties may re-file their motion, with greater detail regarding their request, on or before **July 6, 2026**.  Specifically, the parties should address, at a minimum:  1) whether they intend to mark the other individual's documents as confidential and/or attorney eyes only;  2) whether the parties are required to provide notice to the other individual;  3) whether Plaintiff intends to destroy the other individual's documents once this case ends;  and 4) whether Plaintiff needs the other individual's Social Security number, or whether the other individual's mailing address and/or phone number is a suitable identifier?

**SO ORDERED**.

Signed: June 15, 2026

David C. Keesler
United States Magistrate Judge

2